**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**at ASHLAND**

**CIVIL ACTION NO. 25-64-DLB**

**BRITTANY DAWN COOPER** **PLAINTIFF**

**v.** **MEMORANDUM OPINION AND ORDER**

**COMMISSIONER OF SOCIAL SECURITY** **DEFENDANT**

*** *** *** ***

Plaintiff has brought this action pursuant to 42 U.S.C. 405(g) to challenge a final decision of the Defendant denying her application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be **affirmed**.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits and supplemental security income benefits on April 27, 2023, alleging disability beginning on October 1, 2022, due to autoimmune deficiency, flare up around her joints, anxiety, hypertension, high cholesterol, fibromyalgia, irritable bowel syndrome, acid reflux and migraines (Tr. 221). This application was denied initially and on reconsideration.

Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Antony Saragas (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Sharon Lane, a vocational expert

(hereinafter “VE”), also testified.

At the hearing, pursuant to 20 C.F.R. '416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. ' 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant=s impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant=s impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled (Tr. 35-47). Plaintiff was 36 years old at the time of the alleged onset of disability. She has a high school education (Tr. 308).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 37).

The ALJ then determined, at Step 2, that Plaintiff suffers from multi-joint osteoarthritis, fibromyalgia, obesity, migraine headaches, hypertension, and chronic sinusitis and allergies, which he found to be “severe” within the meaning of the Regulations (Tr. 38).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 39).

The ALJ further found that Plaintiff has no past relevant work. (Tr. 45). He then concluded that she has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), except that she:

> is limited specifically to occasional stooping, kneeling, crouching, climbing ramps or stairs; no crawling and no climbing ladders, ropes, or scaffolds; no commercial driving; occasional overhead reaching with the upper extremities; no concentrated exposure to vibration; no concentrated exposure to temperature extremes or pulmonary irritants such as dust, odors, gases, and fumes; no involvement with workplace hazards such as unprotected heights and moving mechanical parts; and no participation in production pace work, i.e., that work affecting or affected by the pace of others, such as assembly line work.

(Tr. 40).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 45).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment, and this matter is ripe for decision.

## II. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

Plaintiff asserts that the ALJ improperly assessed the nature and severity of her fibromyalgia.

The Court notes that the Sixth Circuit has found that fibromyalgia is a medical impairment that can be disabling. *See generally, Vance v. Comm'r of Soc. Sec.*, 260 F.App'x 801, 806 (6th Cir.2008). However, it is not per se disabling. The degree of its impairing effect must be established by objective evidence in the record. SSR 12-2p specifically provides that "[a]s in all claims for disability benefits, we need objective

evidence to establish the presence of an MDI [medically determinable impairment].” *Id.* at 806. In this case, the ALJ found Plaintiff’s fibromyalgia to be a severe, but not a disabling impairment. Plaintiff contends that in doing so, the ALJ did not properly consider her subjective complaints and did not properly assess the medical evidence.

“Subjective complaints of ‘pain or other symptoms shall not alone be conclusive evidence of disability.’ ” *Arnett v. Comm'r of Soc. Sec.,* 76 Fed.Appx 713, 716 (6th Cir.2003) (citing 42 U.S.C. § 423(d)(5)(A)); *see also Walters,* 127 F.3d at 531 (citing 20 C.F.R. § 404.1529(a)). The Sixth Circuit explained:

> In evaluating subjective complaints of disabling pain, this court must first determine whether there is objective medical evidence of an underlying medical condition. If there is, the examination focuses on 1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition, or 2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the disabling pain. *Duncan v. Secretary of Health & Human Servs.,* 801 F.2d 847, 853 (6th Cir.1986). Because there are situations where pain symptoms may suggest a greater restriction than can be demonstrated by objective evidence, reasonable conclusions as to one's ability to do work activities can be derived from other information in conjunction with medical evidence. *Stanley v. Sec'y of Health & Human Servs.,* 39 F.3d 115, 117–18 (6th Cir.1994).

*Id.*

In this case, the ALJ specifically discussed Plaintiff’s complaints of disabling symptoms, including chronic pain that she said affected her upper and lower extremities; indeed, he accounted for her limitations in her abilities to lift, squat, bend, stand, walk, sit, knee, climb stairs, remember things, and use her hands in the RFC. The ALJ also cited Plaintiff’s testimony at the May 2024 hearing that she was unable to work due to her body

and joint pain. However, the ALJ reasonably concluded that Plaintiff's allegations as to the nature and extent of her impairment related limitations were not entirely consistent with the overall record in this case. In doing so, he noted that despite her allegations of disabling symptoms, she was able to complete household chores such as laundry, cleaning, cooking simple meals, caring for pets, and using a riding lawnmower to mow the yard; she was also able to drive a car, shop for groceries and household items, attend church twice a week, and could go to cookouts and spend time with family. It is well established that an ALJ may consider daily activities in assessing the extent of impairment. *See Walters v. Comm'r of Soc. Sec.,* 127 F.3d 525, 531 (6th Cir.1997) ("An ALJ may also consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments."); 20 C.F.R. § 416.929(a). The Court finds that the ALJ properly assessed Plaintiff's subjective complaints.

As for the medical evidence, the ALJ is required to "articulate how he or she considered the medical opinions and prior administrative medical findings." 20 C.F.R. § 404.1520c(a). The ALJ focuses on the persuasiveness of the medical opinion(s) using the following five factors: (1) supportability (2) consistency (3) relationship with the claimant (which includes) (i) length of the treatment relationship (ii) frequency of examinations (iii) purpose of the treatment relationship (iv) extent of the treatment relationship (v) examining relationship (4) specialization (5) other factors. 20 C.F.R. § 404.1520c(a)-(c) (2017).

At a minimum, the ALJ must explain how he or she considered the supportability and consistency of a source's medical opinion(s), but generally is not required to discuss

other factors. 20 C.F.R. § 404.1520c(b)(2). According to the regulation, the more consistent a medical opinion is with the evidence from other medical and nonmedical sources, the more persuasive the medical opinion will be. This is the consistency standard. And the regulation specifies that the more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion, the more persuasive the medical opinion will be. This is the supportability standard. *See* 20 C.F.R. § 404.1520(c)(1)-(2).

The most restrictive opinion in the record is that of consultative examiner Todd Jarosz, M.D. (TR. 469-475). The ALJ found his opinion to be only partially persuasive. As the ALJ explained, following his examination, Dr. Jarosz opined that Plaintiff could lift an average-weight bag of groceries, lift a gallon of milk, write her name, dress herself, drive a vehicle, and care for herself (as she was able to cook, feed, and groom herself)) (Tr. 43, 471). The ALJ credited this portion of Dr. Jarosz's opinion persuasive, as it was consistent with Plaintiff's activities of daily living as well as Dr. Jarosz's examination findings, which noted normal range of motion in her joints and extremities (Tr. 43, 470, 473-75). In other words, this part of Dr. Jarosz's opinion passes supportability and consistency muster. However, the ALJ was not persuaded by Dr. Jarosz's opinion that Plaintiff could "walk for about 0 yards without stopping," sit for 20 to 30 minutes, and stand for 15 to 20 minutes (Tr. 43, 471). The ALJ explained that this portion of Dr. Jarosz's opinion was not consistent with Plaintiff's own reports of her function nor was it internally supported by Dr. Jarosz's examination findings or his statement that Plaintiff could get to a restroom without assistance, which the ALJ noted would require walking further than

zero yards (Tr. 43). This part of his opinion lacked consistency and supportability.

The Court finds no error in the ALJ's assessment of the medical evidence. Indeed, it is supported by substantial evidence in the record. To the extent that Plaintiff suggests that this evidence is open to another interpretation that favors her claim, the Court declines to reweigh the evidence in this fashion. If the Commissioner's decision denying benefits is supported by substantial evidence, as it is here, the Court must affirm that decision. *Longworth v. Commissioner of Social Security*, 402 F.3d 591, 595 (6th Cir. 2005). Even if substantial evidence exists to support Plaintiff's claim, the Court should still affirm the Commissioner's decision because it is supported by substantial evidence. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001); *see also Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) (even if the Court would have decided the matter differently than the ALJ, if substantial evidence supports the ALJ's decision, it must be affirmed.)

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Brief in Support of Social Security Appeal (Doc. # 10) be **OVERRULED**, and the Defendant's Brief in Support of Social Security Appeal (Doc. # 15) be **SUSTAINED**. A Judgment in favor of the Defendant will be entered contemporaneously herewith.

This 17th day of August 2026.

**Signed By:**
***David L. Bunning*** DB
**Chief United States District Judge**